IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEPHANIE SIEDSCHLAG, | ) | CASE NO. 8:10cv00304 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT AND** |
| | ) | **DEMAND FOR JURY TRIAL** |
| CONAGRA FOODS, INC. and CONAGRA | ) | |
| FOODS ENTERPRISE SERVICES, INC. | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Stephanie Siedschlag ("Plaintiff"), by and through her attorneys, Rembolt Ludtke LLP, and for her causes of action against Defendants ConAgra Foods, Inc. and ConAgra Foods Enterprise Services, Inc. (collectively "Defendants"), states and alleges as follows:

**JURISDICTION**

1. This action seeks redress for the violation of the rights guaranteed to Plaintiff by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, the Nebraska Age Discrimination in Employment Act ("NADEA"), NEB. REV. STAT. § 48-1001 *et seq.*, and the Nebraska Fair Employment Practice Act ("NFEPA"), NEB. REV. STAT. § 48-1101 *et seq.*

2. Jurisdiction over Plaintiff's Title VII claim is specifically conferred on this Court by 42 U.S.C. § 2000e-5(f). Jurisdiction over Plaintiff's ADEA claim is based on 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 1981 *et seq.* Supplemental jurisdiction over Plaintiff's state law claims is conferred on this Court by 28 U.S.C. § 1367.

3. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. §§ 2201 - 2202 and 42 U.S.C. § 2000e-5(g). Compensatory and punitive damages are sought pursuant to 42 U.S.C. § 1981a.

4. Attorneys' fees may be awarded pursuant to 42 U.S.C. § 2000e-5(k), N℮b. R℮v. Stat. § 48-1120(2), 29 U.S.C. § 216(b), and the Federal Rules of Civil Procedure 54(d)(2).

**VENUE**

5. Pursuant to 29 U.S.C. § 1391(b), this action properly lies in the United States District Court for the District of Nebraska, because the claim arose in this judicial district. Furthermore, pursuant to 42 U.S.C. § 2000e-5(f)(3), this action properly lies in the United States District Court for the District of Nebraska because the unlawful employment practice was committed in this judicial district.

**ADMINISTRATIVE REMEDIES**

6. On or about April 3, 2009, Plaintiff timely filed a charge of discrimination with the Nebraska Equal Opportunity Commission ("NEOC") and the Equal Employment Opportunity Commission ("EEOC"), alleging that Defendants had discriminated against her on the basis of sex, age, and retaliation. The NEOC then issued a Commission Determination on May 21, 2010. A true and accurate copy is attached hereto as Attachment "A" and incorporated herein by this reference. The EEOC issued a Notice of Right to Sue on July 22, 2010, entitling Plaintiff to commence this action within 90 days of her receipt of the Notice. A true and accurate copy of the Notice is attached hereto as Attachment "B" and incorporated herein by this reference.

7. On or about October 22, 2009, Plaintiff timely filed a separate charge of discrimination with the NEOC and EEOC, alleging that Defendants had discriminated against her on the basis of retaliation. The NEOC issued a Commission Determination on May 21, 2010. A true

and correct copy is attached hereto as Attachment "C" and incorporated herein by this reference. The EEOC issued a Notice of Right to Sue on July 22, 2010, entitling Plaintiff to commence this action within 90 days of her receipt of the Notice. A true and correct copy of this Notice is attached hereto as Attachment "D" and incorporated herein by this reference.

8. Plaintiff has filed this action within the 90-day period following receipt of the Commission Determinations issued by the NEOC and Notices of the Right to Sue issued by the EEOC.

9. Plaintiff has exhausted her administrative remedies.

## PARTIES

10. Plaintiff was born on August 17, 1955, and is a female citizen of the United States and a resident of Omaha, Nebraska. Plaintiff was at all times relevant to this action a resident of Omaha, Nebraska.

11. Defendant ConAgra Foods, Inc. ("ConAgra Foods") is a Delaware corporation doing business in Nebraska. Defendant ConAgra Foods' registered agent is Leo A. Knowles, 1 ConAgra Drive, I-370, Omaha, Nebraska, 68102.

12. Defendant ConAgra Foods Enterprise Services, Inc. ("ConAgra Services") is a Delaware corporation doing business in Nebraska. Defendant ConAgra Services' registered agent is Leo A. Knowles, 1 ConAgra Drive, I-370, Omaha, Nebraska, 68102.

## FACTS

13. Plaintiff has been employed by Defendant ConAgra Foods from on or about September 18, 1989, through the present. Upon information and belief, during Plaintiff's employment with Defendant ConAgra Foods, Defendant ConAgra Services determined Plaintiff's paychecks, as well as other terms and conditions of employment.

14. Since on or about June 2006, Plaintiff held the position of Manager of Quality Audit for Defendants.

15. Beginning in or around 2008, Defendants began to engage in a pattern and practice of discriminating against older employees, including Plaintiff, on the basis of age.

16. Beginning in or around 2008, Defendants began to deny or otherwise adversely affect Plaintiff's compensation, terms, privileges, and conditions of employment. Among other things:

   a. Plaintiff was not allowed to take classes or to travel to broaden her knowledge, effectively learn her job, or compete with younger employees. However, younger employees were allowed to attend classes and to travel. Defendants told Plaintiff that there was no return on investment in allowing Plaintiff to participate in these activities.

   b. Plaintiff desired to attend a work-related class in August 2008, but Defendants rejected Plaintiff's request, choosing instead to allow Steve Vlock, a younger male employee, to attend.

   c. Plaintiff asked to attend a class on or about January 12, 2009. Defendants again denied Plaintiff's request, yet allowed Jay Mayr, a younger male employee, to attend, and Plaintiff is now supervised by the younger Mayr.

   d. Plaintiff requested to attend audits, but on or about June 9, 2008, Defendants informed Plaintiff that she was not authorized to travel to an audit. Then, on or about February 22, 2009, Defendants notified Plaintiff that she was not allowed to attend any British Retail Consortium ("BRC") audits, but authorized younger employees to so attend.

17. In or around October 2008, Mark Kavanagh, who was younger than Plaintiff, supervised Plaintiff. Kavanagh asked Christine Verplank from Steritech (an auditing company) what type of person made a good auditor, and commented that older employees and female employees would not make good auditors because they do not like to travel.

18. Defendants placed Plaintiff on a Performance Improvement Plan ("PIP") on or about January 5, 2009. The PIP has adversely affected Plaintiff's compensation and other terms and conditions of employment.

19. On or about March 27, 2009, Plaintiff met with Kavanagh and Defendants' Human Resources employee, Trisha Robinson. Plaintiff complained to both Robinson and Kavanagh that Plaintiff felt she was being discriminated against on the basis of her age and that she felt there was a pattern and practice of discriminating against older, more senior employees who were enrolled in the old Qualified Pension Plan.

20. Plaintiff filed a charge of discrimination against Defendants with the NEOC and the EEOC on or about April 3, 2009.

21. On or about April 24, 2009, Kavanagh and Robinson informed Plaintiff that she had two choices: she could either be demoted from Manager of Quality Audit to Associate Quality Specialist or be terminated. Plaintiff was given until April 27, 2009, to decide whether to accept the demotion or be terminated.

22. To remain employed, Plaintiff was forced to accept the lesser, non-equivalent position as Associate Quality Specialist, which resulted in a significant reduction in compensation and benefits and adversely affected Plaintiff's compensation, terms, privileges, and conditions of employment. Despite the significant reduction in compensation and benefits and adverse affect on Plaintiff's employment with Defendants, the essential duties of the Associate Quality Specialist position were materially similar to the essential duties of the Manager of Quality Audit position from which Plaintiff was removed. Plaintiff's demotion became effective on or about May 4, 2009.

23. All of the aforementioned discriminatory acts and conduct were done while Defendants' supervisors and employees were acting in the scope and of their employment with Defendants.

## COUNT I - ADEA (Age Discrimination)

24.     Plaintiff incorporates herein by reference as if fully set forth, the allegations contained in paragraphs 1 through 23.

25.     Plaintiff is a protected individual for purposes of the ADEA.

26.     Defendants subjected Plaintiff to adverse terms, conditions, and privileges of employment due to her age.  Because Plaintiff's age was the determining factor in Defendants' decision to deny Plaintiff opportunities, demote Plaintiff, and otherwise discriminate against Plaintiff with respect to her compensation, terms, privileges, and conditions of employment, Defendants violated the ADEA.

27.     Defendants engaged in a pattern and practice of discriminating against employees on the basis of their age in violation of the ADEA by systematically and intentionally taking actions to reduce Defendants' older workforce and to separate employees who were participants under Defendants' prior pension plan to deprive them of benefits to which they would otherwise be entitled.

28.     Because Defendants' actions were willful, Plaintiff is entitled to an award of liquidated damages, pursuant to 29 U.S.C. § 626(b).

29.     As a direct and proximate cause of Defendants' aforementioned illegal conduct, Plaintiff has suffered lost wages and value of benefits, and will continue to sustain the loss of the same.  The total sum of these losses will be specifically pleaded when ascertained.

## COUNT II - NADEA (Age Discrimination)

30.     Plaintiff incorporates herein by reference as if fully set forth, the allegations contained in paragraphs 1 through 23.

31.     Plaintiff is a protected individual for purposes of the NADEA.

32. Defendants subjected Plaintiff to adverse terms, conditions, and privileges of employment due to her age. Because Plaintiff's age was the determining factor in Defendants' decision to deny Plaintiff opportunities, demote Plaintiff, and otherwise discriminate against Plaintiff with respect to her compensation, terms, privileges, and conditions of employment, Defendants violated § 48-1004 of the NADEA.

33. As a direct and proximate cause of Defendants' aforementioned illegal conduct, Plaintiff has suffered lost wages and value of benefits, and will continue to sustain the loss of the same. The total sum of these losses will be specifically pleaded when ascertained.

### COUNT III - TITLE VII (Sex Discrimination)

34. Plaintiff incorporates herein by reference as if fully set forth, the allegations contained in paragraphs 1 through 23.

35. Because of Plaintiff's sex, she was subjected to workplace discrimination and adverse terms, conditions, and privileges of employment. Defendants acts constitute unlawful and prohibited sex discrimination. Such conduct violates Title VII.

36. As a direct and proximate result of Defendants' aforementioned illegal conduct, Plaintiff has suffered actual and compensatory damages, lost wages and value of benefits, and will continue to sustain the loss of the same. The total sum of these losses will be specifically pleaded when ascertained.

37. Defendants' actions were done willfully and/or with malice and/or with reckless indifference to the federally protected rights of Plaintiff. Punitive damages are appropriate.

### COUNT IV - NFEPA (Sex Discrimination)

38. Plaintiff incorporates herein by reference as if fully set forth, the allegations contained in paragraphs 1 through 23.

39. Because of Plaintiff's sex, she was subjected to workplace discrimination and adverse terms, conditions, and privileges of employment. Defendants' acts constitute unlawful and prohibited sex discrimination. Such conduct violates § 48-1104 of the NFEPA.

40. As a direct and proximate result of Defendants' aforementioned illegal conduct, Plaintiff has suffered actual and compensatory damages, lost wages and value of benefits, and will continue to sustain the loss of the same. The total sum of these losses will be specifically pleaded when ascertained.

### COUNT V - TITLE VII (Retaliation)

41. Plaintiff incorporates herein by reference as if fully set forth, the allegations contained in paragraphs 1 through 23.

42. Plaintiff engaged in protected activity by, among other things, opposing Defendants' unlawful discrimination and filing a charge of discrimination against Defendants on or about April 3, 2009.

43. Plaintiff was subjected to materially adverse employment actions by being demoted and denied other compensation, terms, privileges, and conditions of employment.

44. Plaintiff was subjected to the materially adverse employment actions in retaliation for Plaintiff's protected activity, and such retaliation is in violation of Title VII.

45. As a direct and proximate result of Defendants' aforementioned illegal conduct, Plaintiff has suffered actual and compensatory damages, lost wages and value of benefits, and will continue to sustain the loss of the same. The total sum of these losses will be specifically pleaded when ascertained.

46. Defendants' actions were done willfully and/or with malice and/or with reckless indifference to the federally protected rights of Plaintiff. Punitive damages are appropriate.

## COUNT VI - NFEPA (Retaliation)

47. Plaintiff incorporates herein by reference as if fully set forth, the allegations contained in paragraphs 1 through 23.

48. Plaintiff engaged in protected activity by, among other things, opposing Defendants' unlawful discrimination and filing a charge of discrimination against Defendants on or about April 3, 2009.

49. Plaintiff was subjected to materially adverse employment actions by being demoted and denied other compensation, terms, privileges, and conditions of employment.

50. Plaintiff was subjected to the materially adverse employment actions in retaliation for Plaintiff's protected activity, and such retaliation is in violation of § 48-1114 of the NFEPA

51. As a direct and proximate result of Defendants' aforementioned illegal conduct, Plaintiff has suffered actual and compensatory damages, lost wages and value of benefits, and will continue to sustain the loss of the same.  The total sum of these losses will be specifically pleaded when ascertained.

## COUNT VII - ADEA (Retaliation)

52. Plaintiff incorporates herein by reference as if fully set forth, the allegations contained in paragraphs 1 through 23.

53. Plaintiff engaged in protected activity by, among other things, opposing Defendants' unlawful discrimination, complaining of age discrimination on or about March 27, 2009, and filing a charge of discrimination against Defendants on or about April 3, 2009.

54. Plaintiff was subjected to materially adverse employment actions by being demoted and denied other compensation, terms, privileges, and conditions of employment.

55. Plaintiff was subjected to the materially adverse employment actions in retaliation for Plaintiff's protected activity, and such retaliation is in violation of the ADEA, 29 U.S.C. §623(d).

56. Because Defendants' actions were willful, Plaintiff is entitled to an award of liquidated damages, pursuant to 29 U.S.C. § 626(b).

57. As a direct and proximate result of Defendants' aforementioned illegal conduct, Plaintiff has suffered lost wages and value of benefits, and will continue to sustain the loss of the same. The total sum of these losses will be specifically pleaded when ascertained.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court assume jurisdiction herein as to all counts alleged herein and grant the following relief:

a) declare the conduct engaged in by Defendants to be in violation of Plaintiff's rights under the appropriate federal or state law or laws;

b) award back pay to compensate Plaintiff for loss of salary, employment benefits, promotions, and other job opportunities she has suffered;

c) order Defendants to place Plaintiff in a position she would have held or would be holding had she not been discriminated against, such award including, but not limited to, reinstatement or payment of front pay for a reasonable time in the future;

d) award Plaintiff liquidated damages;

e) award the costs of this suit and reasonable attorneys' fees;

f) award prejudgment interest;

g) enjoin Defendants from engaging in unlawful discrimination practices;

h) award Plaintiff compensatory damages for pain and suffering of Plaintiff as a result of Defendants' treatment of Plaintiff, in an amount to be determined by the jury or the court;

  i)  award Plaintiff punitive damages against Defendants in an amount to be determined by the jury or this Court; and

  j)  award such other and further relief as this Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues. Plaintiff requests that such jury trial be held in Omaha, Nebraska.

DATED this 18th day of August 2010.

          STEPHANIE SIEDSCHLAG, Plaintiff

    By: s/s Mark A. Fahleson
      Mark A. Fahleson (#19807)
      REMBOLT LUDTKE LLP
      1201 Lincoln Mall, Ste. 102
      Lincoln, NE 68508
      (402) 475-5100
      mfahleson@remboltludtke.com

G:\WDOX\clients\32268\000\00348285.WPD